UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

DARRYL MOSLEY,

|  | Plaintiffs, | **COMPLAINT AND JURY DEMAND** |
|---|---|---|

-against-

THE CITY OF NEW YORK,  POLICE OFFICER
LAYTON, JOHN DOE POLICE OFFICERS ##1-8,
Defendants.

DOCKET #14CV1587

------------------------------------------------------------------------ x     ECF CASE

## PRELIMINARY STATEMENT

1.      This is a civil rights action in which plaintiff seek relief for the violation of his rights

secured by 42 USC §1983, §1988 and the Fourth and Fourteenth Amendments to the United

States Constitution, and the laws and Constitution of the State of New York.

2.      The claim arises from a February 11, 2013 incident in which Officers of the New York

City Police Department ("NYPD"), acting under color of state law, intentionally and willfully

subjected plaintiff to, among other things, false imprisonment, assault and battery.

3.      Plaintiff seeks monetary damages (special, compensatory, and punitive) against

defendants, as well as an award of costs and attorneys' fees, and such other and further relief as

the Court deems just and proper.

## JURISDICTION

4.      This action is brought pursuant to 28 USC §1331, 42 USC §1983, and the Fourth and

Fourteenth Amendments to the United States Constitution.   Pendent party jurisdiction and

supplementary jurisdiction over plaintiff's state law claims are asserted.

5.      Venue is laid within the United States District Court for the Eastern District of New York

in that Defendant City of New York is located within and a substantial part of the events giving

rise to the claim occurred within the boundaries of the Eastern District of New York.

## PARTIES

6.      Plaintiff Darryl Mosely is a citizen of the United States and at all times here relevant resided in Kings County, City and State of New York.

7.      The City of New York is a municipal corporation organized under the laws of the State of New York.

8.      Police Officer Layton, at all times here relevant, was an employee of the NYPD, and is sued in his individual and official capacity.

9.      John Doe Police Officers, at all times here relevant, were employees of the NYPD, and are sued in his individual and official capacities.

10.      At all times here mentioned defendant police officers were acting under color of state law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of the City and State of New York.

## FACTUAL ALLEGATIONS

11.      Plaintiff is paralyzed on the left side of his body.  He uses a scooter to travel.

12.      On February 11, 2013, at approximately 2:10 P.M., Plaintiff was on his scooter going to a store near his home at 919 Myrtle Avenue, Brooklyn, NY.  He was rolling under scaffolding when he heard someone yell "yo"!  He then heard the person yell "I said stop!" so he rolled about three additional feet to get out from under the scaffolding, then came to a stop.

13.      A female police officer approaches him and pulls the key out of the scooter.  The female police officer grabbed his partially paralyzed left arm and a male police officer with the last name of "Layton" grabbed his right arm.

14.      Four additional officers came to the scene.  One pulled his arm behind his back, and they

2

push plaintiff to the ground.  As plaintiff lied on the sidewalk helpless, Officer Layton asked if

he had identification.  Plaintiff did have identification.

15.     The police officers then walked away, without charging plaintiff with any crime or giving

him a summons.

16.     Plaintiff suffered pain to his left leg and right shoulder.  He went to Woodhull Hospital

that day and was diagnosed with contusions to his left knee and left hip.

17.     Defendant police officers had no probable cause or reasonable suspicion to stop and

detain plaintiff.  Their use of force against plaintiff was unnecessary and unreasonable, as the

stop itself was without basis and plaintiff did not resist or struggle with defendants in any way.

18.     At all times during the events described above, the defendant police officers were

engaged in a joint venture and formed an agreement to violate plaintiff's rights.  The individual

officers assisted each other in performing the various actions described and lent their physical

presence and support and the authority of their office to each other during said events.  They

failed to intervene in the obviously illegal actions of their fellow officers against plaintiff.

19.     During all of the events above described, defendants acted maliciously and with intent to

injure plaintiff.

20.     As a direct and proximate result of the acts of defendants, plaintiff suffered the following

injuries and damages:

     a.     Violation of his rights pursuant to the Fourth and Fourteenth Amendment to the

United States Constitution to be free from an unreasonable search of plaintiff's person.

     b.     Violation of plaintiffs' rights under the Fourth Amendment to the United States

Constitution to be free from detention and arrest without probable cause;

     c.     Violation of his right to Equal Protection under the Law under the Fourteenth

Amendment to the United Stated Constitution;

d.   Violation of their New York State Constitutional rights under Article 1, Section 12 to be free from an unreasonable search and seizure;

e.   Violation of their New York State Constitutional right under Article 1, Section 6 to Due Process of Law;

f.   Economic and special damages, emotional trauma and suffering, including fear, embarrassment, humiliation, emotional distress, frustration, extreme inconvenience, and anxiety;

g. physical pain and suffering; and

h. Loss of liberty.

## FIRST CAUSE OF ACTION
(42 USC § 1983)

21.   The above paragraphs are here incorporated by reference.

22.   Defendants acted under color of law and conspired to deprive plaintiff of his civil, constitutional and statutory rights to be free from unreasonable search and seizure, due process of law, and to equal protection under the law pursuant to the Fourth and Fourteenth Amendments to the United States Constitution when they illegally stopped the plaintiff, detained him and subjected him to excessive force.  Defendants are liable to plaintiff under 42 U.S.C. §1983 and § 6 and 12 of the New York State Constitution.

23.   Plaintiff has been damaged as a result of defendants' wrongful acts.

## SECOND CAUSE OF ACTION
(FALSE ARREST AND FALSE IMPRISONMENT)

24.   The above paragraphs are here incorporated by reference.

25.   Defendants subjected plaintiff to false arrest, false imprisonment, and deprivation of

4

liberty without probable cause or reasonable suspicion.

26.     There was no reasonable expectation of successfully prosecuting plaintiffs.

27.     Plaintiff was aware of his detention and did not consent.

28.     Defendants have deprived plaintiffs of their civil, constitutional and statutory rights and have conspired to deprive them of such rights and are liable to plaintiffs under common law, 42 USC §1983 and the New York State Constitution.

29.     Plaintiffs were damaged by the false arrest, imprisonment, and deprivation of liberty caused by defendants.

## THIRD CAUSE OF ACTION
### (ASSAULT)

30.     The above paragraphs are here incorporated by reference.

31.     By approaching and pushing plaintiff, defendants made plaintiff fear for his physical well-being and safety and placed him in apprehension of immediate harmful and/or offensive touching.

32.     Defendants have deprived plaintiff of his civil, constitutional and statutory rights and have conspired to deprive him of such rights and are liable to plaintiffs under common law, 42 USC §1983 and New York State laws and Constitution.

33.     Plaintiff was damaged by defendants' assault.

## FOURTH CAUSE OF ACTION
### (BATTERY)

34.     The above paragraphs are here incorporated by reference.

35.     Defendants engaged in and subjected plaintiff to immediate harmful and/or offensive touching and battered them.

36.     Defendants used excessive and unnecessary force with plaintiff.

37.    Defendants have deprived plaintiff of his civil, constitutional and statutory rights and have conspired to deprive him of such rights and are liable to plaintiffs under common law, 42 USC §1983 and the New York State Constitution.

38.    Plaintiff was damaged by defendant's battery.

### FIFTH CAUSE OF ACTION
(RESPONDEAT SUPERIOR)

38.    The preceding paragraphs are here incorporated by reference.

39.    Defendants' intentional tortious acts were undertaken within the scope of their employment by defendant City of New York and in furtherance of the defendant City of New York's interest.

40.    As a result of defendants' tortious conduct in the course of their employment and in furtherance of the business of defendant City of New York, plaintiffs were damaged.

WHEREFORE, plaintiffs demand judgment against the defendants, jointly and severally, as follows:

A.    In favor of plaintiff in an amount to be determined by a jury for each of plaintiffs' causes of action;

B.    Awarding plaintiff punitive damages in an amount to be determined by a jury;

C.    Awarding plaintiff reasonable attorneys' fees, costs and disbursements of this action; and

D.    Granting such other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiffs demand a trial by jury.


DATED:     Brooklyn, New York
           March 7, 2014


TO:   New York City                          Yours, etc.,
      Corporation Counsel Office
      100 Church Street, 4th floor
      New York, NY  10007
                                             Leo Glickman, Esq.
      Police Officer Layton                  Bar #LG3644
                                             Attorney for Plaintiff
                                             475 Atlantic Avenue, 3rd Floor
                                             Brooklyn, NY  11217
                                             (718) 852-3710
                                             lglickman@stollglickman.com